IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2006 Session

## TRACYE JENAE SIMPSON (BROGDEN), ET AL. v.
## RALPH EDWARD SIMPSON

**Appeal from the Circuit Court for Hamilton County**
**No. D-55387      W. Neil Thomas, III, Judge**

**No. E2005-01725-COA-R3-CV  - FILED JUNE 26, 2006**

CHARLES D. SUSANO, JR., J., concurring in part and dissenting in part.

I concur in much of the judgment and rationale of the majority opinion. I agree with the majority's statement "that the five payments made directly to the child totaling $2,740 were gratuitous or otherwise should not be considered as a credit against Father's child support obligation." I also agree with the majority's treatment of Father's issues pertaining to (1) the trial court's refusal to permit Father to testify regarding child support payments made by him "when he had no documentary evidence supporting the amount of those payments," and (2) the trial court's award of attorney's fees. However, I disagree with the majority's judgment that Father should be granted credit against his general $60 per week child support obligation to Mother for payments made by him "at the direction of [Mother]."

Except in Title IV-D cases,[1] court-ordered child support "shall be paid either to the clerk of the court or directly to the spouse, or other person awarded the custody of the child or children." Tenn. Code Ann. § 36-5-101(c)(2)(A) (2005). In the instant case, the pertinent court order – the one entered July 18, 1988 – provides that Father's $60 per week child support payment is to be made to the clerk of the trial court. While child support is clearly intended for the benefit of a child, *see Rutledge v. Barrett*, 802 S.W.2d 604, 607 (Tenn. 1991), the payment of this obligation, by the terms of § 36-5-101(c)(2)(A), is to be made, directly or indirectly, to the obligee parent or other custodian. Father seeks credit for some $7,292.70 in payments, which, while clearly beneficial to the child, were not required by court order and were not paid through the trial court clerk or directly to Mother. As reflected in the majority opinion, $1,000 of this amount was for the child's tuition; $1,633.60 represented payments on the child's automobile; and $4,659.10 was paid by Father for insurance on that vehicle. The issue is thus squarely presented:  Can the subject payments be treated,

_____

[1]Payment of child support in Title IV-D cases is addressed at Tenn. Code Ann. § 36-5-101(c)(2)(A)(ii) (2005).

cumulatively, as a credit against Father's child support arrearage growing out of his failure to pay Mother all of the child support required by the trial court's order of July 18, 1988?

The majority emphasizes the testimony of Father that "he made payments for support and other necessary expenses *at the direction of [Mother]*." (Emphasis added). The thrust of the majority opinion is to find in this testimony something that I do not find there, *i.e.*, that Mother agreed to give Father a credit for these payments against his $60 per week child support obligation to her. There is no testimony that Mother ever made such a bargain.

The noun "direction" is related to the verb "direct." The verb "direct" has been defined thusly:

> **1**. to manage or guide by advice, instruction, etc. **2**. to regulate the course of; control. **3**. to administer; manage; supervise: *She directs the affairs of the estate*. **4**. to give authoritative instructions to; command; order or ordain: *I directed him to leave the room*.

Webster's Universal College Dictionary 227 (1997). (Bold numbering and emphasis in original). As the word "direction" is used in Father's testimony, the fourth definition of "direct" seems the most appropriate. Accordingly, I will concede that the thrust of Father's testimony is that Mother commanded or ordered him to make the subject payments; but the fact that Mother commanded or ordered him to do something – and that she did so without any real authority to issue such a command or order – does not establish that Mother agreed to give him a credit against his $60 per week general child support obligation to her. To me, it simply means she wanted him to make these payments and "ordered" him to do so. It is not unusual, in a post-divorce setting, for one party to *order* – not infrequently in a raised tone of voice – the other party to do something that the latter party is not legally obligated to do. Unfortunately, such is one of the features of the all-too-frequent acrimonious conversations between divorcing and divorced parties.

I do not believe we should place the trial court in error for not giving Father a credit against his general child support obligation to Mother when the evidence does not preponderate against the trial court's determination that the subject payments made by Father were gratuitous. Father did not have to make these payments; he chose to do so while, at the same time, choosing not to make payments to Mother that he was obligated to make pursuant to a court order. I find no evidence of a bargained for *quid pro quo*. Hence, I find no error in the trial court's refusal to give Father the credit requested by him.

The majority acknowledges that, in view of its holding, it did not need to reach Father's other ground for credit – the providing of necessaries that were not being provided by the custodian. My review of the skimpy record before this court persuades me that the evidence does not preponderate against a finding that Father *failed* to prove that the payments made by him, for which he seeks credit, were for necessaries not being provided by Mother. *See Peychek v. Rutherford*, No. W2003-01805-COA-R3-JV, 2004 WL 1269313, at *4-5 (Tenn. Ct. App. W.S., filed June 8, 2004). *See also*

-2-

*Duckett v. Duckett*, No. 03A01-9506-CV-00198, 1996 WL 57943, at \*3 (Tenn. Ct. App. E.S., filed February 13, 1996); *Sutton v. Sutton*, No. 180, 1991 WL 16234, at \*1 (Tenn. Ct. App. E.S., filed February 12, 1991); *Oliver v. Oczkowicz*, 1990 WL 64534 at \*2-3 (Tenn. Ct. App. M.S., filed May 18, 1990).

      I would affirm the trial court's judgment in its entirety. Accordingly, I concur in part and dissent in part.

_____
CHARLES D. SUSANO, JR., JUDGE
